UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTOR EDWARDS,

    Petitioner,

v.                                                                         CASE NO. 6:16-cv-529-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on an amended petition for writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 (Doc. 7). Respondents filed a response to the amended petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts*. (Doc. 15). Petitioner filed a reply to the response (Doc. 18).

Petitioner alleges two claims for relief in his amended habeas petition.[1] For the following reasons, the amended petition for writ of habeas corpus is denied.

---

[1] Petitioner filled out Grounds Two, Three, and Four of the § 2254 Habeas Form, however, in these grounds he states "same as Ground #1" (Doc. 1 at 7-10). Thus, because it appears claims two through four are duplicative of claim one, the Court will only address Petitioner's first claim. Additionally, Petitioner arguably raises a second ground for relief in his reply, therefore, the Court will also address the merits of that claim (Doc. 18 at 5).

## I. PROCEDURAL HISTORY

Petitioner was charged, along with several other co-defendants, with armed trafficking in 400 grams or more of cocaine (count one), conspiracy to traffic in cocaine (count two), possession of a firearm by a convicted felon (count eight), unlawful use of a two-way communications device to facilitate the commission of a crime (count thirteen), possession of drug paraphernalia (count fifteen), and possession of cannabis (count sixteen) (Doc. 16-1 at 165-73). Petitioner filed a motion to suppress the evidence obtained, arguing the search was based on an invalid search warrant.[2] *Id.* at 185-204. The trial court held an evidentiary hearing on the motion to suppress, after which it denied the motion. *Id.* at 9-74.

Petitioner entered a nolo contendere plea to the charged counts and reserved his right to appeal the denial of the motion to suppress. *Id.* at 79-95. The trial court sentenced Petitioner to concurrent ten-year terms of imprisonment for counts one, two and eight, to be followed by fifteen-year terms of probation, to a concurrent five-year term of

---

[2] Agent Larry Meeks, Jr. ("Meeks"), filed an affidavit in support of the search warrant (Doc. 16-3 at 5-20). Meeks attested that he had reason to believe that Petitioner's house contained items of evidentiary value related to narcotics transactions. *Id.* at 19-20. Meeks and several other members of a Drug Enforcement Agency ("DEA") Task Force had been investigating the Real family and their narcotics activity beginning on December 5, 2008. In 2010, the Seventh Judicial Circuit Court in and for Volusia County issued several orders authorizing the interception of communications of seven telephone numbers associated with Bernardo and Geronimo Real. *Id.* at 9-16. Based on communications intercepted in November 2010 between Petitioner and Bernardo and Geronimo Real, Meeks then observed what appeared to be drug transactions at a property belonging to Petitioner. *Id.* at 16-19.

imprisonment for count thirteen, and to time served for counts fifteen and sixteen (Doc. 16-2 at 48-63. Petitioner appealed, and in his initial brief he challenged the denial of his motion to suppress (Doc. 16-3 at 28-48). The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 81.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 16-4 at 11-41). The trial court summarily denied the motion. *Id.* at 81-88. The Fifth DCA affirmed *per curiam* (Doc. 16-5 at 42). Petitioner subsequently filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. *Id.* at 54-67. The Fifth DCA denied the petition without discussion (Doc. 16-6 at 162).

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court

decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[3] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.    ANALYSIS

#### A.    Claim One

Petitioner challenges the constitutionality of the search of his home (Doc. 1 at 5). In support of this claim, he contends that the warrant in support of the search was illegal because it was not issued by a neutral magistrate judge, the search lacked probable cause, and the search violated his Fourth, Fifth, and Fourteenth Amendment rights along with several Florida statutes. *Id.* at 5-7; *see also* Doc. 18 at 1-2. Petitioner raised this claim on direct appeal, and the Fifth DCA affirmed *per curiam* (Doc. 16-3 at 27-80).

The Supreme Court of the United States has held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted); *Kuhlmann v. Wilson*, 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review creates no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review

6

is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann*, 477 U.S. at 447.

The Eleventh Circuit has interpreted a "full and fair consideration" to require "consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court" when the facts are in dispute. *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000). However, a state court does not afford a criminal defendant full and fair consideration when it fails to make essential findings of fact to resolve the issue. *See Hearn v. Florida*, 326 F. App'x 519, 521-22 (11th Cir. 2009) (citing *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990)). Specifically, the Eleventh Circuit has held that a summary denial of a motion to suppress, "coupled with a summary affirmance by the Florida appellate court" is insufficient to bar a federal court's review of a Fourth Amendment claim. *Tukes*, 911 F.2d at 514.

Petitioner fails to demonstrate that the hearing conducted by the state trial court on his motion to suppress denied him an opportunity to fully and fairly litigate his Fourth Amendment claim. Petitioner filed a motion to suppress the evidence seized from his home, including 412.9 grams of cocaine and a firearm (Doc. 16-1 at 185-204). The trial court held a hearing on the motion, made specific factual findings on the record, and denied the motion after consideration of the arguments raised by the parties. *Id.* at 9-73. Petitioner challenged the denial of the motion to suppress on direct appeal, and the Fifth DCA affirmed *per curiam* (Doc. 16-3 at 81).

Under these circumstances, the Court concludes that Petitioner was afforded a full

7

and fair opportunity to litigate and have his Fourth Amendment claim adjudicated. *See Mason v. Allen*, 605 F.3d 1114, 1120-21 (11th Cir. 2010) (concluding that *Powell* precluded consideration of the petitioner's Fourth Amendment claim because the petitioner fully litigated the issue in the state court); *Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir. 1989) (holding that district court erred in considering the federal habeas petitioner's claim where the petitioner had fully and fairly litigated his claim in the state courts of Florida); *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978) (holding that the *Stone* bar even applies when the state court erred in deciding the merits of a Fourth Amendment claim). Therefore, Petitioner's claim is denied.[4]

B.     **Claim Two**

In his reply, Petitioner alleges trial counsel was ineffective for failing to file a motion to suppress the contents of the intercepted telephone communications because there was no authorization for the intercepted communications listed within the affidavit supporting the search warrant (Doc. Nos. 18 at 5; 16-4 at 33). Specifically, Petitioner contends that Meeks did not receive authorization to intercept calls between a "Target Telephone 6" and the phone number (386) 469-9365 (Doc. 16-4 at 36).

Petitioner raised this claim in his Rule 3.850 motion, and the trial court denied the

---

[4] Alternatively, Petitioner has failed to demonstrate that the state court's determination was either contrary to contrary to, or an unreasonable application of, clearly established federal law. Accordingly, considering the claim on the merits, it is denied pursuant to § 2254(d) because the search warrant was supported by probable cause.

8

claim, noting that the authorization for the intercepted telephone communication was listed in paragraph 18 of the affidavit in support of the search warrant (Doc. 16-4 at 88). The Fifth DCA affirmed *per curiam* (Doc. 16-5 at 42).

According to the affidavit in support of the search warrant, DEA task force agents received authorization to wiretap seven different telephone numbers (Doc. 16-3 at 14-16, ¶¶ 13-19). The affidavit refers to the third telephone phone number in paragraph 15 as "Target Telephone 3." *Id.* at 12-13, ¶¶ 9 and 10. The telephone number listed in paragraph 18 is the sixth telephone number for which agents received authorization for a wiretap. While the affidavit in support of the search warrant did not expressly delineate which telephone number was "Target Telephone 6," the trial court logically concluded that the sixth telephone number was "Target Telephone 6." *Id.* at 15-17. Petitioner has failed to demonstrate that Meeks or any DEA task force agent lacked authorization for the intercepted communications or that a motion to suppress would have been granted on this basis. Petitioner's claim is speculative, and therefore, he has not shown that counsel's failure to challenge this portion of the affidavit in support of the search warrant amounts to deficient performance or that prejudice resulted. The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, claim two is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 7) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment for Respondents and thereafter close this case.

3. Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of May, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 5/30
Counsel of Record
Victor Edwards